# THIRD DEPARTMENT, MAY, 1969

## (May 1, 1969)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES E. MILLARD, Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Broome County, rendered upon a jury verdict convicting appellant of the crime of grand larceny in the first degree (former Penal Law, § 1293-a). Appellant stands convicted of taking, using and operating, in violation of section 1293-a of the former Penal Law, a red GMC van-type beer truck left by its owner for repairs at a local service station. Appellant first asserts that although he allegedly stole the truck on March 29, 1967, he was not convicted until September 18, 1967, subsequent to the effective date of the new Penal Law, and thus should have been convicted under section 165.05 of the new Penal Law, which treats his offense as a misdemeanor, rather than under section 1293-a of the former Penal Law which treats it as a felony. We cannot agree with this contention. Section 5.05 of the new Penal Law specifically and unequivocally provides that the new Penal Law should govern only as to the " construction of and punishment for any offense * * * committed after the effective date " and that the former Penal Law controls as to offenses committed prior to the effective date. Rather than discerning any legislative intent that offenses committed prior to the effective date should no longer be regarded as criminal (cf. *People* v. *Oliver,* 1 N Y 2d 152, 158–159) or treated in light of the new statute, there is instead a clear mandate that such should not be the case. There, of course, is no constitutional impediment to making the new Penal Law only prospective in application (see *Matter of Mulligan* v. *Murphy,* 14 N Y 2d 223; *People* v. *Seabold,* 29 A D 2d 791). Nor is there any merit in appellant's contention that he should have been allowed to discuss the issue of the change in the Penal Law with the jury. The jury's duty is solely to determine guilt and not punishment (see Code Crim. Pro., § 420) and the new Penal Law only changed the punishment and not the elements of the crime. Appellant next contends that an in-court identification resulted from improper out-of-court identification procedures under the Supreme Court's guidelines set down in *United States* v. *Wade* (388 U. S. 218) and *Stovall* v. *Denno* (388 U. S. 293). Allegedly appellant's " joy-ride " ended in his crashing the truck into a parked car and fleeing from the scene. Since he was not apprehended at the scene of the accident but a few blocks away pursuant to a police description, the primary factual determination at the trial revolved around questions of identification. The State called three witnesses to establish appellant's identity as the operator of the stolen vehicle: Officer Arnold Richards, of the Binghamton Police Department, who had previously passed the truck enroute to answer another call; James Kelley, a night superintendent for Crowley Milk Company, who saw the truck pass him just prior to the accident and Harold West, who was sitting in a taxi next to where the truck finally came to rest. It is the out-of-court identification by Kelley and West that appellant contends make their in-court identification improper. The record reveals that Officer Richards on return from his prior call arrived at the accident scene and recognizing the truck as the one he had

previously passed sent out a description of the man he had previously seen as a result of which appellant was soon apprehended. In the interim, between Richards sending the description and appellant's apprehension and return to the scene, Richards obtained a description of the man they had observed from West and Kelley. When appellant was returned to the scene of the accident, Richards went over to the police car and identified him as the man he saw in the truck. At this time Kelley and West were standing among a crowd of onlookers and when Kelley spotted appellant in the police car he immediately blurted out "that's the fellow" and West immediately agreed. Still later that night West and Kelley, ostensibly only for the purposes of verification, viewed appellant again through a one-way glass, while appellant was sitting alone in a room at Police Headquarters. Despite extensive cross-examination by defense counsel both Kelley and West consistently maintained that their in-court identification was based solely on their initial viewing of appellant and that their subsequent viewings did not in any way fortify their previous identification. *Stovall* v. *Denno* (*supra*) makes it abundantly clear that the counsel requirement of *United States* v. *Wade* (*supra*) was to "affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date" (388 U. S. 293, 296), and thus this applicable standard here is whether the identification procedure utilized "was so unnecessarily suggestive and conducive to irreparable mistaken identification that [appellant] was denied due process of law." (388 U. S. 293, 302.) First it should be noted that in the present case the State never introduced any testimony before the jury concerning the out-of-court identification in question and thus a new trial is clearly not required on this ground (see *Gilbert* v. *State of California,* 388 U. S. 263, 272–274). It is, therefore, only if the in-court identifications were tainted by the prior out-of-court identification and did not have an independent source that due process would require a new trial (*People* v. *Ballott,* 20 N Y 2d 600, 606–607). Moreover, while the practice of presenting a sole suspect to the witness in the course of a line-up or show-up proceeding is condemned in the absence of "imperative" circumstances (*People* v. *Ballott, supra,* p. 606), such practice does not per se exclude in-court identification if by "clear and convincing evidence" it is established that "the in-court identification was based upon observations of the suspect other than the show-up identification." (*People* v. *Ballott, supra,* p. 606; *People* v. *Wade, supra,* p. 240; *People* v. *Hill,* 22 N Y 2d 686.) The trial court after a full and complete hearing determined that the due process standards established in *Stovall* v. *Denno* (*supra*) was in view of "the totality of the circumstances" not violated. We do not pass on this determination because in our opinion, even assuming *arguendo,* the procedures were impermissive and improper, the record clearly and amply shows that the in-court identification had an independent source aside from the out-of-court identifications. We recognize that such a decision might often turn on the issue of credibility and thus be inappropriate for this court to pass on prior to a factual determination by the trial court but there is here no suggestion of a mistake or that a prohibitively long period passed between observation and identification and all three witnesses independently gave consistent descriptions and without hesitation. Kelley and West stated that the initial observation of the appellant was sufficient to identify him (*People* v. *Ballott, supra,* p. 606). On this state of the instant record the admission of the in-court identifications was perfectly proper. We find no merit in the additional contentions raised by appellant and, accordingly, the judgment of conviction is affirmed. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Greenblott, JJ., concur in memorandum by Reynolds, J.