■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD DE LAGE, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered April 18, 1977, convicting him of murder in the second degree (former Penal Law, § 1046), upon a plea of guilty, and imposing sentence. Judgment affirmed. Defendant committed the murder in 1960, when he was 15 years old. At that time, a person between the ages of 15 and 16 who was charged with a crime punishable by death or life imprisonment could be prosecuted as an adult (former Penal Law, § 2186). Murder in the first degree, the crime for which defendant was indicted, was such a crime (former Penal Law, § 1045). However, he was not indicted for that crime until 1976. In the interim, the State of New York adopted a new penal code which set the minimum age of criminal responsibility at 16 years (Penal Law, § 30.00). Defendant argues that section 30.00 of the present Penal Law is an ameliorative provision with respect to punishment and should be applied retroactively. In support of this contention, he cites *People v Oliver* (1 NY2d 152), wherein the Court of Appeals dismissed a murder indictment filed against a defendant who was 14 years old at the time of the crime, because the minimum age of criminal responsibility was raised to 15 years prior to the time that the defendant was brought to trial. However, a converse holding could have resulted in the taking of a life under color of law after the law authorizing the execution had been abrogated by the Legislature. As the Court of Appeals stated (p 163): "when the Legislature has seen fit to abolish the death penalty for a class of offenders, nothing but the very clearest legislative direction should lead us to conclude that it intended the prior law to apply in any subsequent trial." In this case, a recent amendment to section 30.00 of the Penal Law provides us with "the very clearest * * * direction" to apply the prior law in the subsequent trial. The amendment, effective September 1, 1978, provides for the criminal prosecution of 13-, 14- and 15-year-old youths who are charged with murder in the second degree (L 1978, ch 481, § 28). Absent ex post facto objections, the law to be applied by this court on an appeal is the law as it exists at the time the appeal is decided *(People v Loria,* 10 NY2d 368). Since the law as it exists today is similar to the law which existed at the time defendant committed this murder, and pursuant to which he was indicted, his conviction must be affirmed. We are cognizant of the fact that the new law contains a different sentencing scheme for such juvenile offenders (see Penal Law, § 75.05 [L 1978, ch 481, § 31]). However, changes in sentences which are effective after a defendant is tried and sentenced are not to be applied retroactively *(People ex rel. Downie v Jackson,* 286 App Div 1131; *People v Millard,* 32 AD2d 676; cf. *Matter of Mulligan v Murphy,* 14 NY2d 223). Furthermore, based on defendant's prior legal history, which includes at least two armed rape attempts, one of which ended in the death of the victim, we find the sentence imposed to be proper.

Damiani, J. P., Suozzi and Cohalan, JJ., concur; Shapiro, J., concurs in the result.