■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MENDOZA, Appellant. — Judgment, Supreme Court, New York County (Norman B. Fitzer, J.), rendered on July 3, 1980, affirmed. Concur — Murphy, P. J., Sullivan, Milonas and Alexander, JJ.

Carro, J., dissents in a memorandum as follows: In March of 1978 appellant facilitated the sale of 1.875 ounces of heroin to an undercover officer, acting as a go-between for the buyer and seller. Indicted in June of 1978, Mendoza came to trial in April of 1980. On April 22, 1980 the jury found him guilty. Appellant appeared for sentencing on July 3, 1980, and the court recognized that the mandatory minimum for the first degree sale is 15 years to life. (Penal Law, §§ 220.43, 70.00.) However, finding this sanction to constitute "cruel and unusual punishment" (US Const, 8th Amdt), the court "resentenced" Mendoza to four years to life, citing *People v Broadie* (37 NY2d 100). While I agree with my brethren that Justice Norman Fitzer was correct when he found a 15-year to life sentence to be excessive under the Eighth Amendment, I believe there is another, completely sufficient legal basis for reducing the original sentence without the necessity of reaching the constitutional issue. Seven months prior to appellant's trial section 220.43 of the Penal Law was amended so as to thereafter require two or more ounces of a narcotic drug to have been "knowingly and unlawfully" sold for a first degree sale. Hence, the criminal act appellant committed would only sustain an indictment and conviction for second degree sale had it occurred after September 1, 1979 (L 1979, ch 410). The minimum sentence permissible for second degree sale is three years to life. Mendoza should have been given the benefit of this change in the law, and resentenced to three years to life. "[W]here an ameliorative statute takes the form of a reduction of punishment for a particular crime, the law is settled that the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date". "Where the change is ameliorative and reflects a judgment that the earlier law was unduly harsh or unjust, a court should not withhold the benefits of the new statute to one tried after its passage, merely because it is powerless to extend them to those already convicted." (*People v Oliver,* 1 NY2d 152, 159-160, 163 [per Fuld, J.]; see, also, *People v Festo,* 96 AD2d 765, 767 [Carro, J., dissenting]; *People v Cornish,* 21 AD2d 280, 283 [per Breitel, J. P.]; *People v Spagnolia,* 260 App Div 551, 552 ["A statute reducing punishment for a crime may apply to a crime committed before the enactment of such statute. (*People ex rel. Pincus* v. *Adams,* 274 N. Y. 447.)"].) Appellant was 45 at the time he was sentenced, he ran a small business in his community and the act for which he was convicted was an isolated incident in an otherwise unblemished record. Even if *Adams* (*supra*), and *Oliver* (*supra*), were only referring to a discretionary power of appellate courts, I would object to this court not giving the benefit to appellant. Because I read the above cases to legally require such action by all State courts (see my comments in *People v Festo, supra*), I dissent.