■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAZEN SOLOMON, Appellant.

Based on the testimony adduced at the suppression hearing, we are in agreement with the hearing court's determination that while the *Miranda* warnings issued to the defendant were legally deficient, his statements made subsequent to his arrest were spontaneous and thus admissible *(see, People v Maerling,* 46 NY2d 289; *People v Kaye,* 25 NY2d 139).

Moreover, the circumstantial evidence elicited at the trial, when viewed in the light most favorable to the prosecution *(see, Jackson v Virginia,* 443 US 307, 319; *People v Lewis,* 64 NY2d 1111, 1112), was sufficient to permit the jury to draw the inference that the defendant had knowledge that the credit card which he possessed was stolen. On this point, we also note that the jury charge as a whole properly conveyed the principles regarding the permissive presumption of knowledge.

We find that the jewelry store clerk was properly permitted to testify as to the value, as reflected on the price tag, of the two gold chains that the defendant attempted to "purchase"

with the stolen card. A proper foundation was laid as to her knowledge of the subject *(see, People v Womble,* 111 AD2d 283, citing *State v Hammond,* 6 Wn App 459, 493 P2d 1249; *People v Gross* 51 AD2d 191, 195). Moreover, such evidence was sufficient to prove the value of the items *(see, People v Irrizari,* 5 NY2d 142, 146).

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.