(March 12, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO COLON, Appellant.—Judgment of the Supreme Court, Bronx County (Daniel McMahon, J.), rendered March 1, 1979, convicting defendant, after a jury trial, of murder in the second degree and sentencing him to a term of imprisonment of 25 years to life, is unanimously modified, on the law, solely to the extent of vacating the sentence imposed and remanding the matter for resentencing, and otherwise affirmed.

Defendant was indicted in 1977 for the murder of one "Hickey, Jr.". He received a pretrial competency hearing pursuant to CPL 730.30, after which Criminal Term concluded that the People had proved by a preponderance of the evidence that defendant was not an incapacitated person and was fit to proceed. The reports and testimony of the court-appointed independent psychiatrists, together with defendant's medical records and the further testimony of the arresting officers, amply support the determination by the hearing court that defendant was fit to proceed.

Approximately two months after the jury verdict herein, at a competency hearing held in a second murder case, defendant was found to be incapacitated and was committed to an institution. Since defendant's fitness to proceed in this case must be judged at the time of the original competency hearing, the subsequent finding that he was incapacitated at the time of the second competency hearing is irrelevant. In addition to a full pretrial competency hearing at which defendant cross-examined prosecution witnesses and called witnesses on his behalf, the trial court noted, after the jury's verdict was rendered in this case, that defendant had conferred with his counsel during trial and passed him notes on occasion. In fact, the court had twice observed defendant reading the New York Law Journal during the trial.

Although defendant was not entitled to a new competency hearing as to the issue of his capacity during trial, we find

that he was entitled to such a hearing, under the circumstances and facts presented herein, before sentencing. Former CPL 730.60 (2), in effect at the time of sentencing in 1979, provided that when the superintendent of the institution in which the defendant is confined determines he is no longer an incapacitated person, "the criminal action against him must proceed". This was amended in 1981 by the substitution of a direction that the "court must thereupon proceed in accordance with the provisions of subdivision two of section 730.30". However, defendant's right to contest the determination of his competency at any stage of the proceeding predates the change in the statute. His right to a hearing arises whenever the facts or events presented to the trial court raise a bona fide doubt as to his competency *(see, People v Harris,* 109 AD2d 351, 355). This duty to hold such a hearing, upon a showing of a reasonable ground to believe the defendant is not fit to proceed, is present at any time before final judgment *(see, People v Smyth,* 3 NY2d 184, 187).

Accordingly, upon defendant's motion for a new examination and hearing, although not obligated to do so by the statute then in force, the court should have conducted such a hearing *(see, Pate v Robinson,* 383 US 375; *People v Harris, supra,* at 355) prior to sentencing solely to determine if defendant was fit to proceed at that time.

We have examined the remaining contentions raised by defendant and find them to be without merit. Concur—Murphy, P. J., Sandler, Asch, Milonas and Rosenberger, JJ. *[See,* 96 Misc 2d 659.]