■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROSA BASIR, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Lange, J.), rendered October 26, 1987, convicting her of grand larceny in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress her statements to department store security personnel.

Ordered that the judgment is affirmed, and the case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The proof adduced at trial revealed that the defendant, while shopping at a Nieman Marcus department store, concealed a skirt and a blouse in a closed shopping bag and walked furtively through the store, passing cash registers without offering to pay for the articles of clothing she had taken *(see, People v Olivo,* 52 NY2d 309, *rearg denied sub nom. People v Gasparik,* 53 NY2d 735, 797). She was eventually apprehended by store security personnel and made statements to the effect that "I'm sorry" and that she desired to pay for the merchandise. The value of the goods was established by the store's operations manager, who testified to the value of

the skirt and blouse, as reflected on the price tag and marketing documents (see, *People v Irrizari,* 5 NY2d 142; *People v Solomon,* 124 AD2d 840, *lv denied* 69 NY2d 834).

We agree with the trial court that the 1986 amendments to Penal Law § 155.30 do not apply to this case in the absence of a plainly manifested legislative intent that the statute is ameliorative and is to be applied retroactively (see, *People v Oliver,* 1 NY2d 152; *People v Archer,* 121 AD2d 730, *lv denied* 68 NY2d 809; *People v Ennis,* 94 AD2d 746). The amendment was designed, in pertinent part, to alleviate the strain on police resources by reclassifying as misdemeanors thefts in amounts less than $1,000 (see, Governor's approval mem, 1986 NY Legis Ann, at 237). Moreover, the Legislature, by expressly providing that the amendment would take effect several months after its enactment, demonstrated an intent contrary to retroactive application.

The defendant's contention that the court erred in failing to order a competency hearing pursuant to CPL 730.30 is without merit. Both psychiatrists who examined the defendant found her competent to stand trial, and neither the defense counsel nor the People requested that a hearing be conducted. Moreover, while the defendant had been determined incompetent to stand trial in 1985, the reports subsequently submitted in response to a December 1986 order of examination both concluded that the defendant was competent to stand trial (see, CPL 730.30 [2]; *People v Colon,* 128 AD2d 422, *lv denied* 70 NY2d 750; *People v Bronson,* 115 AD2d 484; *see also, People v Picozzi,* 106 AD2d 413).

That branch of the defendant's omnibus motion which was to suppress her statements to the department store security personnel was properly denied, as the store personnel were not acting as government agents (see, *People v Velasquez,* 68 NY2d 533; *People v Ray,* 65 NY2d 282). Finally, we find no basis in the evidence supporting the defendant's contentions that her statements were involuntary. We have considered the defendant's other contentions and find them to be unpreserved for appellate review or lacking in merit. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.