■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY R. BEHLOG, Appellant.—Judgment unanimously modified on the law and as modified affirmed and defendant remanded to Oneida County Court for resentencing, all in accordance with the following memorandum: The indictment charged that on February 26, 1985 defendant committed the crime of grand larceny in the third degree, a class E felony under Penal Law § 155.30. At that time, the statute defined grand larceny in the third degree as a theft of property the value of which exceeds $250. By amendment effective November 1, 1986, the Legislature redefined felony grand larceny to require proof that the value of the stolen property exceed $1,000. At defendant's trial, which commenced in December 1986, the evidence demonstrated that the value of the property stolen by defendant was approximately $780. The court rejected defendant's argument that he was entitled to the benefit of the amended statute. The case was submitted to the jury under the former statute and the jury returned a verdict of guilty. Defendant was sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years.

On appeal, defendant again argues that he is entitled to retroactive application of the amended statute and that the evidence is, therefore, sufficient to sustain only a charge of petit larceny. We agree.

Where the Legislature expresses its intent against retroactive application of an ameliorative penal statute, a defendant

must be tried and sentenced in accordance with the law applicable at the time of the crime *(People v Festo,* 96 AD2d 765, *affd* 60 NY2d 809; *People v Mendoza,* 95 AD2d 651; *People v Pepples,* 32 AD2d 1041, *affd* 27 NY2d 785; *People v Millard,* 32 AD2d 676). Where, however, an ameliorative statute takes the form of a reduction of punishment for a particular crime, and the Legislature has not expressed a contrary intent, the lesser penalty should be imposed in all cases decided after the effective date of the amendment, even though the underlying act was committed before that date *(People v Oliver,* 1 NY2d 152; *People v Roper,* 259 NY 170).

The judgment is modified to convict defendant of petit larceny under Penal Law § 155.25 and the defendant is remanded to Oneida County Court with a direction that defendant be sentenced accordingly (CPL 470.20 [4]).

We have examined defendant's other contentions and find them to be without merit. (Appeal from judgment of Oneida County Court, Buckley, J.—grand larceny, third degree.) Present—Dillon, P. J., Denman, Boomer, Pine and Balio, JJ.