■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN K. JANSEN, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered July 1, 1987, upon a verdict convicting defendant of the crimes of criminal possession of stolen property in the second degree and criminal possession of stolen property in the third degree.

Following a jury trial, defendant was convicted of both second and third degree criminal possession of stolen property based on the taking of various clothing items from Macy's department store in the Town of Colonie, Albany County, on October 12, 1986. On this appeal, defendant does not controvert the fact that he knowingly possessed the stolen items. Defendant's main thesis is that the People failed to prove that the aggregate value of the goods stolen exceeded the $250 statutory threshold, mandated by Penal Law former § 165.45 (1) as it then existed *(see,* L 1986, ch 515, § 5, eff Nov. 1, 1986 [statutory threshold raised to $1,000]). Insofar as the felony possession count is concerned, the record shows that the People valued the goods stolen at $282.50.

In his appellate brief, defendant challenges the valuation of the stolen items on several bases, none of which are persua-

sive. A more fundamental problem, however, has since arisen warranting further discussion. In a postargument letter to the court, defendant has asserted for the first time that the 1986 amendment to Penal Law § 165.45 (1) raising the statutory felony threshold to $1,000 should apply here. Upon a retroactive application of the statute, it is clear that the evidence presented would only sustain a misdemeanor possession conviction *(see,* Penal Law § 165.40).

Generally, the failure to raise an issue in an appellate brief constitutes an abandonment of that issue *(see, Lamphear v State of New York,* 91 AD2d 791; *Matter of Pessano,* 269 App Div 337, 341, *affd* 296 NY 564; 1 Newman, New York Appellate Practice § 2.08). However, this court retains authority to determine whether a defendant has been rightfully sentenced as provided by law *(see,* CPL 470.15; *People v Fuller,* 57 NY2d 152, 156; *People v Bourne,* 139 AD2d 210, 212-215). Where legislation has the ameliorative effect of reducing the punishment attributable to a particular offense, the lesser penalty may be imposed in all cases decided after the effective date of the amendment even where the underlying crime occurred beforehand *(People v Oliver,* 1 NY2d 152, 158-160). Notably, a divergence of opinion has emerged concerning the character of the subject legislation. In *People v Basir* (141 AD2d 745, *lv denied* 72 NY2d 915), the Second Department recently concluded that the 1986 amendments to Penal Law § 155.30, redefining felony grand larceny as the theft of property exceeding $1,000 in value, were not designed for retroactive application *(see,* L 1986, ch 515, § 1, eff Nov. 1, 1986). The Fourth Department reached a contrary conclusion in *People v Behlog* (142 AD2d 983) and extended the benefits of the amended statute retroactively.

In our view, the ameliorative nature of the amendment to Penal Law § 165.45 (1) warrants a retroactive application of its provisions, notwithstanding the absence of an express legislative directive to that effect *(see, People v Oliver, supra,* at 160; *cf., People v Basir, supra,* at 746). The "general object" of the amendment was clearly to reduce the punishment ascribed to particular criminal activity *(see, People v Oliver, supra,* at 160). The statutory amendment constitutes a legislative recognition that the dollar values assigned to these categories of criminal activity, which were first established in 1965, required an upward adjustment "to reflect the realities of the monetary world of 1986" (Governor's mem, 1986 McKinney's Session Laws of NY, at 3175). Notably, there is no "savings clause" provision *(see, People v Oliver, supra,* at 159;

*cf., People v Festo,* 96 AD2d 765, 766-767, *affd* 60 NY2d 809). Since defendant was neither tried nor sentenced before the amendment was enacted *(see, People v Oliver, supra,* at 163), he is entitled to the benefit of its provisions. Accordingly, the judgment must be modified to reflect a reduction in the felony conviction to a conviction for criminal possession of stolen property in the fifth degree, a misdemeanor, and the matter remitted to County Court for resentencing (CPL 470.20 [4]; *see, People v Behlog, supra).*

Judgment modified, on the law, by reducing the conviction of criminal possession of stolen property in the second degree to a conviction of criminal possession of stolen property in the fifth degree; matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Harvey and Mercure, JJ., concur.