■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES W. PHILLIPS, JR., Appellant.—Harvey, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered February 27, 1987, convicting defendant upon his plea of guilty of the crime of criminal possession of stolen property in the second degree.

In August 1986, defendant was arrested and charged with the alleged burglary of a residence in the Town of Mayfield, Fulton County. The subsequent indictment charging defendant with the crimes of burglary in the second degree and grand larceny in the third degree was later withdrawn by agreement and following execution of a waiver of indictment, an information charging defendant with criminal possession of stolen property in the second degree was filed in January 1987. Pursuant to a plea bargain arrangement, defendant pleaded guilty to this crime in exchange for receiving, among other things, a sentence of 1½ to 3 years' imprisonment as a second felony offender. This appeal followed.

The sole issue raised by defendant upon appeal is that he was illegally charged and sentenced for the crime of criminal possession of stolen property in the second degree under Penal Law former § 165.45 because of a statutory amendment raising the statutory threshold to $1,000, rather than $250, and renaming the crime criminal possession of stolen property in the fourth degree *(see,* L 1986, ch 515, § 5, eff Nov. 1, 1986). Although defendant concededly committed the accused crime prior to the effective date of the statute, he points out that his

plea allocution and sentencing did not take place until after the amendment became effective (see, People v Oliver, 1 NY2d 152, 163). Since it is undisputed that the value of the property stolen by defendant did not exceed $1,000, defendant argues that he is retroactively entitled to the benefit of the amendment's provisions. We must agree. A recent decision of this court has decisively concluded that the statutory amendment in question was ameliorative in nature and, therefore, designed for retroactive effect (see, People v Jansen, 145 AD2d 870; see also, People v Behlog, 74 NY2d 237, 239; People v McCann, 149 AD2d 814). Although defendant's guilty plea here would normally waive his right to challenge his conviction, this issue must be reached in the interest of justice since only by reducing his conviction can defendant be sentenced in accordance with the law. Consequently, the judgment must be modified to reflect a reduction in the felony conviction to a misdemeanor conviction for criminal possession of stolen property in the fifth degree, and the matter remitted to County Court for resentencing (see, People v Jansen, supra).

Judgment modified, as a matter of discretion in the interest of justice, by reducing the conviction of criminal possession of stolen property in the second degree to a conviction of criminal possession of stolen property in the fifth degree; matter remitted to the County Court of Fulton County for resentencing; and, as so modified, affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.