We also disagree with the defendant's contention that the imposition of consecutive sentences on each of the rape counts was impermissible. The record clearly demonstrates that each count of rape concerned a separate and distinct series of acts, each of which constituted a separate crime (see, People v Day, 73 NY2d 208, 212; People v Williams, 155 AD2d 568; People v Mabry, 151 AD2d 507; People v Callace, 143 AD2d 1027). Brown, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SONYA YOUNG, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Coffinas, J.), rendered April 6, 1989, convicting her of grand larceny in the third degree, upon her plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of grand larceny in the third degree to petit larceny and vacating the sentence; as so modified, the judgment is affirmed.

The People concede that the 1986 amendment to Penal Law § 155.30 (1), which increased the mimimum value of the stolen property required for the crime of grand larceny in the third degree (L 1986, ch 515), should have been applied to the defendant since she was sentenced after the effective date of the amendment (see, People v Behlog, 74 NY2d 237; People v Samuels, 162 AD2d 559; People v Ortega, 158 AD2d 1011). We need not remit for resentencing as the defendant has already served the maximum sentence permitted for petit larceny. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.

(October 19, 1990)

■ In the Matter of CHARLES J. HYNES, Petitioner, v RUTH MOSKOWITZ et al., Respondents.—On the court's own motion, it is,

Ordered that the decision and judgment of this court in the above-entitled case, dated October 17, 1990, is recalled and vacated. Mangano, P. J., Bracken, Harwood and Ritter, JJ., concur.

■ In the Matter of CHARLES J. HYNES, Petitioner, v RUTH MOSKOWITZ et al., Respondents.—Proceeding pursuant to CPLR article 78 to prohibit the enforcement of two judgments of the Supreme Court, Kings County, dated October 15, 1990.