■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GOOLSBY, Appellant.—Appeal by the defendant from two amended judgments of the Supreme Court, Kings County (Greenberg, J.), both rendered November 6, 1989, convicting him of criminal possession of stolen property in the first degree under Indictment No. 7606/85, and attempted robbery in the first degree under Indictment No. 5211/86, upon his pleas of guilty, and sentencing him to consecutive terms of imprisonment of 2 to 4 years and 4 to 8 years, respectively.

Ordered that the amended judgment under Indictment No. 7606/85 is modified, on the law, by reducing the defendant's conviction of criminal possession of stolen property in the first degree to a conviction of criminal possession of stolen property in the fourth degree, and by reducing the sentence imposed

thereon from a term of 2 to 4 years imprisonment to a term of 1½ to 3 years imprisonment; as so modified, the amended judgment under Indictment No. 7606/85 is affirmed; and it is further,

Ordered that the amended judgment under Indictment No. 5211/86 is affirmed.

Contrary to the defendant's contention, the record amply supports the Supreme Court's imposition of consecutive sentences pursuant to Penal Law § 70.25 (2-b) *(see, People v Rivera,* 142 AD2d 614). The evidence fails to sustain the defendant's claim that his participation in the attempted robbery was so minor as to warrant concurrent sentencing; hence, we discern no improvident exercise of discretion in the Supreme Court's rejection of this claim *(see generally, People v Bressingham,* 148 AD2d 463; *People v Camacho,* 120 AD2d 671).

However, we agree that the defendant is entitled to the ameliorative benefit of the reclassification of the criminal possession of stolen property offenses which became effective prior to his resentencing *(see, People v Behlog,* 74 NY2d 237). Accordingly, his conviction of criminal possession of stolen property in the first degree must, as the People concede, be reduced to a conviction of criminal possession of stolen property in the fourth degree *(see, e.g., People v Young,* 166 AD2d 625; *People v German,* 157 AD2d 461; *People v Phillips,* 154 AD2d 731). Moreover, inasmuch as the Supreme Court unequivocally stated its intention to sentence the defendant to the minimum permissible term on his possession of stolen property conviction, there is no need to remit the matter for resentencing, and we reduce his sentence of 2 to 4 years imprisonment to a term of 1½ to 3 years imprisonment upon the reduced conviction *(see generally, People v Persaud,* 166 AD2d 466). Kunzeman, J. P., Sullivan, Balletta and Copertino, JJ., concur.