## State of Vermont v. Frederick S. Lapan, III

[609 A.2d 970]

No. 91-230

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed March 6, 1992

Motion for Reargument Denied May 1, 1992

*Thomas M. Kelly,* Drug Prosecutor, State's Attorneys and Sheriffs Department, Montpelier, for Plaintiff-Appellee.

*David J. Mullett* of *Cheney, Brock & Saudek, P.C.,* Montpelier, for Defendant-Appellant.

**Gibson, J.** Defendant was convicted of unlawfully dispensing a regulated drug in violation of 18 V.S.A. § 4224(g). He challenges both the jury instructions and the sentence on appeal. We affirm.

In pursuit of an undercover drug investigation, police officer Paul Duquette and Carol Trombley, an informant posing as his girlfriend, went to defendant's residence in Barre in an effort to acquire cocaine from him. According to trial testimony, Officer Duquette waited in his vehicle while Trombley entered defendant's house and told him that she and her boyfriend were interested in obtaining cocaine that evening. Trombley and defendant went to Officer Duquette's car, where Trombley introduced the officer as her friend "Paul from Canada." After some discussion concerning quantity and price, they went to a pay phone, where defendant made some calls, then travelled to

Northfield, where defendant made another call. They waited until another car arrived, and defendant spoke to the driver. The second car left, and before its return, Officer Duquette gave defendant $1,425 in cash to purchase the cocaine. When the second car returned, defendant went into it with the money for a few minutes, then returned and handed Officer Duquette a brown paper bag containing cocaine. The second car departed, and the three drove back to Barre, where Officer Duquette dropped defendant off at his house. The officer and Trombley then drove to the police barracks in Middlesex.

Defendant was later arrested and charged with dispensing a regulated drug. Prior to trial, defendant submitted a proposed "agency defense" jury charge in accordance with 18 V.S.A. § 4203, under which no violation would have occurred from the "temporary incidental possession by employees or agents of persons lawfully entitled to possession" of such drugs.[1] The court refused the requested charge, and defendant was found guilty, receiving a sentence of five to ten years. The present appeal followed.

## I.

Defendant argues that the court erred in failing to instruct the jury that in order to convict him it had to find that defendant was not acting as an agent of Officer Duquette. The trial court did not err.

First, the State was not burdened with disproving the asserted agency relationship, as suggested by defendant's proffered instruction. Defendant himself had to demonstrate affirmatively that he was an agent of Officer Duquette. The State had only the initial burden of proving the "affirmative allegation" that the criminal violation occurred. *State v. St. Francis*, 151 Vt. 384, 388, 563 A.2d 249, 251–52 (1989). Nothing in 18

---

[1] 18 V.S.A. § 4203 provides, in pertinent part:

> The provisions of this chapter, restricting the possession and control of regulated drugs, shall not apply to . . . public officers or their employees in the performance of their official duties requiring possession or control of regulated drugs, nor to temporary incidental possession by employees or agents of persons lawfully entitled to possession . . . nor by authorized persons whose possession is for the purpose of aiding public officers in performing their official duties.

V.S.A. § 4224(g), the section under which defendant was prosecuted, or § 4201(7), defining the word "dispense," suggests that disproof of defendant's agency is an element of the crime. To the contrary, the burden of establishing a prima facie case on the affirmative defense of agency was defendant's alone. *State v. Baker*, 154 Vt. 411, 414, 579 A.2d 479, 480 (1990).

There was no evidence, however, to suggest that defendant was an agent of Officer Duquette or that defendant's purpose was to aid him in the performance of his official duties. All of the evidence suggested the opposite—that defendant intended to obtain cocaine for "Paul from Canada," not to aid a police officer. In order to have intended to aid Officer Duquette, defendant would have needed some prior knowledge of the officer's status and purpose. No evidence supported that theory.

■ Defendant's reply brief states that his services "were aggressively and persistently sought out by Officer Duquette . . . and all actions by the defendant were taken on behalf of Officer Duquette." But the officer's appearance or demeanor as an undercover investigator were consistent with his role and did not make defendant his agent. Officer Duquette sought to establish that defendant was a source of illegal drugs, and the evidence is strong and consistent that his purpose went no further. There was no error in the refusal of the court to give defendant's requested instruction.

## II.

Defendant next contends that the court erred in imposing a sentence in excess of five years and a $10,000 fine, because both the statutory section providing penalties for the dispensing of a regulated drug (18 V.S.A. § 4224(g)) and the penalty-enhancement section (18 V.S.A. § 4224(i)) were repealed prior to sentencing[2] and replaced by provisions that did not allow for enhancement of the sentence. Specifically, defendant relies on 1 V.S.A. § 214(c), which states:

> If the penalty or punishment for any offense is reduced by the amendment of an act or statutory provision, the same shall be imposed in accordance with the act or provision as

---

[2] See 1989, No. 100, § 17.

amended unless imposed prior to the date of the amendment.

■■ Defendant treats the 1989 statutory changes in Vermont's drug laws, repealing 18 V.S.A. § 4224 and substituting new provisions relating to the dispensing of regulated drugs, as an "amendment" reducing the penalty for a § 4224 offense and therefore subject to 1 V.S.A. § 214(c). The comprehensive 1989 revision in Vermont's drug laws did not "amend" § 4224, however, but repealed it, replacing § 4224(g), as it applied to the sale of cocaine, with 18 V.S.A. § 4231(b). As we have previously held, the repeal of a criminal statute is not the amendment of that statute for purposes of applying 1 V.S.A. § 214(c), and in the absence of an amendment to a criminal statute, "the legislative intent of the saving statute, § 214, [is] to preserve the right of prosecution and sentence . . . and not to exculpate [a defendant] by reason of the repeal of the criminal statute . . . ." *State v. Matthews*, 131 Vt. 521, 525, 310 A.2d 17, 20 (1973).

■ Moreover, the new enhancement provision in the 1989 statutory revision, 18 V.S.A. § 4238, provides, inter alia, that a person convicted of a second or subsequent cocaine offense "shall be subject to a term of imprisonment or fined up to twice that authorized by [the 1989 statute, including § 4231(b), relating to cocaine], or both." Therefore, even if the 1989 revision of Vermont's drug laws were to be considered an amendment of § 4224, the new enhancement provision, as applied to § 4224(g), would not diminish the sentence imposed in this case.

*Affirmed.*