2002 OK CR 39

**Richard Earl WILLIAMS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2001–1422.

Court of Criminal Appeals of Oklahoma.

Nov. 26, 2002.

Anthony McKesson, Assistant Public Defender, Oklahoma City, OK, counsel for appellant at trial.

Robert Macy, District Attorney, Mark Lane, Ashley Altshuler, Assistant District Attorneys, Oklahoma City, OK, counsel for the State at trial.

Kimberly J. Tabor, Assistant Public Defender, Oklahoma City, OK, counsel for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Kellye Bates, Assistant Attorney General, Oklahoma City, OK, counsel for appellant on appeal.

*SUMMARY OPINION*

LUMPKIN, Presiding Judge.

¶ 1 Appellant Richard Earl Williams was tried by jury for the crimes of Distribution of Controlled Dangerous Substances (Count I)

(63 O.S.Supp.1999, § 2–401); Possession of a Controlled Dangerous Substances (Count II) (63 O.S.Supp.1999, § 2–402) After Former Conviction of Four Felonies; and Possession of Drug Paraphernalia (Count IV) (63 O.S.Supp.1999, § 2–405), in Case No. CRF–2000–1288, in the District Court of Oklahoma County.[1] The jury found Appellant guilty in Counts II and IV and recommended twenty (24) years imprisonment in Count II and one year imprisonment and a one thousand dollar ($1,0000) fine in Count IV. The trial court suspended the fine in Count IV, but imposed the prison sentences recommended by the jury. The sentences were ordered to be served concurrently. It is from this judgment and sentence that Appellant appeals.

¶ 2 Appellant raises the following proposition of error in support of his appeal:

I. The trial court failed to properly instruct the jury on the applicable range of punishment, and thus violated Appellant's right to due process and fundamental fairness.

¶ 3 After a thorough consideration of this proposition and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we have determined that neither reversal nor modification is warranted under the law and the evidence.

¶ 4 In his sole proposition of error, we find Appellant is not entitled to the benefit of 21 O.S.2001, § 51.1(C) as the 2001 amendment does not apply retroactively to Appellant's case. *Nestell v. State*, 954 P.2d 143, 144 (Okl.Cr.1998). *See also Bowman v. State*, 789 P.2d 631, 632 (Okl.Cr.1990). As there is no express indication that the Legislature intended the amendment changing the range of punishment to be applied retroactively, Appellant was entitled only to an application of the law which was in effect at the time he committed the crime. *See State v. Watkins*, 837 P.2d 477, 478 (Okl.Cr.1992); *J.M.R. v. Moore*, 610 P.2d 811, 814 (Okl.Cr.1980).

Therefore, the trial court did not abuse its discretion in instructing the jury pursuant to 21 O.S.Supp.2000, § 51.1(B). *See Gilson v. State*, 8 P.3d 883, 914 (Okl.Cr.2000) (the determination of which instructions shall be given to the jury is a matter within the discretion of the trial court. Absent an abuse of that discretion, this Court will not interfere with the trial court's judgment if the instructions as a whole accurately state the applicable law).

¶ 5 Further, we find that as Appellant was not entitled to a jury instruction pursuant to 21 O.S.2001, § 51.1(C), trial counsel's failure to object to the absence of such an instruction or to request such an instruction was not ineffective assistance of counsel. *Phillips v. State*, 989 P.2d 1017, 1044 (Okl.Cr.1999).

¶ 6 Accordingly, this appeal is denied.

## DECISION

¶ 7 The Judgment and Sentence is ***AFFIRMED.***

JOHNSON, V.P.J., STRUBHAR and LILE, JJ.: concur.

CHAPEL, J.: dissent.

CHAPEL, Judge Dissenting.

¶ 1 I dissent to affirming Williams's sentence for Count II, as his jury was improperly instructed on the punishment range for the crime for which Williams was tried and convicted.

¶ 2 The crime—possession of a controlled substance after former conviction of two or more felonies—was committed on February 23, 2000. The then-applicable sentencing range was twenty (20) years to life imprisonment.[1] However, on July 1, 2001, the legislature amended the minimum punishment under the general enhancement statute from "not less than twenty (20) years" to "three times the minimum term for a first-time offender."[2] When Williams was tried on

---

1. Appellant was charged conjointly with Willard Maurice Callahan, William Kenneth Davis, and Roderick Laverne Gardner. Appellant was not charged in Count III of the felony information. (O.R.2).

1. 21 O.S.Supp.2000, § 51.1(B).

2. 21 O.S.2001, § 51.1(C) and 63 O.S.2001, 2–402 (minimum punishment for possession of controlled dangerous substance two (2) years imprisonment).

November 5–7, 2001, his jury was instructed on the old, pre–2001 punishment range. While the majority opinion asserts that the instruction correctly invoked the punishment range in effect when the crime was committed,[3] common sense suggests otherwise, as precedent has recently confirmed.

¶ 3 In *Salazar v. State*, this Court categorically stated that "procedural changes in the law, which do not prejudice or operate to the detriment of the defendant, *apply to all trials occurring after the enactment of the statute.*"[4] This rule, followed by numerous states,[5] should be applied to all cases including the present one. The legislative change to the punishment range was procedural, and benefited defendants by decreasing the minimum sentence a jury could choose to impose. It should have been applied to Williams's case: directly contrary to *Salazar*, it was not.

¶ 4 The rule of *Salazar* should apply irrespective of whether the legislature expressly stated that a sentencing change should be imposed retroactively.

> When the legislature amends a statute so as to lessen the punishment it has obviously expressly determined that its former penalty was too severe and that a lighter punishment is proper as punishment for the commission of the prohibited act. It is an inevitable inference that the legislature must have intended that the new statute imposing the new lighter penalty now deemed to be sufficient should apply to every case to which it constitutionally could[.][6]

Moreover, why would the legislature arbitrarily punish Defendant 1 more severely than Defendant 2 merely because he committed the identical crime on June 30 rather than July 1, 2001? Punishment is designed to deter, rehabilitate, and remove danger from society. If the Oklahoma Legislature determines that a penalty range can meet these goals, it should apply to all pending actions rather than splitting hairs based upon the precise date of the offense.

¶ 5 Consistent with these principles, some jurisdictions require the legislature to specifically state that the amended lesser punishment does not apply to crimes committed before the date of its passage.[7] I endorse this approach and would always apply the *Salazar* rule to a procedural statute enacted prior to sentencing absent specific and contrary legislative direction. Doing so is more just, more efficient, and more sensible than the approach the majority would have us take.

¶ 6 Here, Williams was tried after the amended statute became effective. *Salazar* should have been followed and the lowered range of punishment should have been applied at his trial. Williams's sentence should be modified to the minimum (6) years' imprisonment, and this Proposition should be granted.

---

**3.** The majority would make an exception upon legislative intent for retroactive sentencing application.

**4.** *Salazar v. State*, 1993 OK CR 21, 852 P.2d 729, 737 (emphasis supplied).

**5.** See *e.g. People v. Dennis*, 17 Cal.4th 468, 503–04, 71 Cal.Rptr.2d 680, 950 P.2d 1035 (Cal. 1998); *Colorado v. Bloom*, 195 Colo. 246, 251, 577 P.2d 288, 292 (Colo.1978); *Payne v. State*, 688 N.E.2d 164, 165 (Ind.1997); *State v. Reams*, 284 Mont. 448, 945 P.2d 52, 56, (1997); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144, 154 (1999); *People v. Behlog*, 142 A.D.2d 983, 984, 530 N.Y.S.2d 404 (N.Y.A.D.1988); *State v. Varner*, 310 S.C. 264, 423 S.E.2d 133, 133–134 (1992); and *State v. Yates*, 918 P.2d 136, 138 (Utah App.1996). Additionally, some of the states following this approach do so based upon statutes requiring such a result. See *State v. Austin*, 503 N.W.2d 604, 605–06 (Iowa 1993); *Daniels v. State*, 742 So.2d 1140, 1145 (Miss. 1999); *State v. Edwards*, 983 S.W.2d 520, 521–22 (Mo.1999); *State v. Burton*, 11 Ohio App.3d 261, 464 N.E.2d 186, 186 (1983); *State v. Pearson*, 858 S.W.2d 879, 883 (Tenn.1993); *Harris v. State*, 913 S.W.2d 706, 709–710 (Tex.App.1995); and *State v. Lapan*, 158 Vt. 382, 609 A.2d 970, 972 (Vermont 1992). Oklahoma does not have such a statute.

**6.** *In re Estrada*, 63 Cal.2d 740, 745, 48 Cal.Rptr. 172, 408 P.2d 948 (Cal.1965).

**7.** This is referred to as a "savings clause" in jurisdictions following this rule. See *Payne v. Indiana*, 688 N.E.2d 164, 165 (Ind.1997); *State v. Reams*, 284 Mont. 448, 945 P.2d 52, 56 (1997); *State v. Urbano*, 256 Neb. 194, 589 N.W.2d 144, 154 (1999).