**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 27 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JOHN W. DICKSON,

        Petitioner-Appellant,

v.

ERIC FRANKLIN, Warden,

        Respondent-Appellee.

No. 04-6196
(D.C. No. CV-04-53-F)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner-appellant John W. Dickson appeals from the district court's order

denying his 28 U.S.C. § 2254 petition for a writ of habeas corpus. Dickson was

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

convicted after a jury trial in Oklahoma state court of possession of cocaine base after prior conviction of a felony. On appeal he raises two issues: (1) the jury at his trial was instructed under the wrong habitual offender statute; and (2) he should have received the benefit of an amendment to the habitual offender statute applicable to his case. The district court previously granted him a certificate of appealability (COA) as to these issues. *See id.* § 2253(c). We affirm the judgment of the district court denying Dickson's petition.

The state district court sentenced Dickson, in accordance with the jury's recommendation, to a forty-year sentence. On direct appeal to the Oklahoma Court of Criminal Appeals (OCCA), Dickson raised two issues. He contended (1) that his sentence was excessive due to numerous factors including prosecutorial misconduct in the form of improper argument during his sentencing proceeding, and (2) that he was entitled to the benefit of a post-offense amendment of the general sentencing enhancement statute. The OCCA granted Dickson relief on the prosecutorial misconduct issue, and reduced his sentence to twenty years. It denied relief on the post-offense amendment issue, however, reasoning that since there was no express indication that the legislature had intended the sentencing amendment to operate retroactively, Dickson was only entitled to the law in effect at the time he committed his crime.

Dickson later filed an application for sentence modification in state district court. He argued that the district court had given improper jury instructions that combined provisions from Oklahoma's drug enhancement statute, Okla. Stat. tit. 63, § 2-401, with provisions from its general enhancement statute, Okla. Stat. tit. 21, § 51.1. He also reasserted his argument about retroactive modification to the sentencing statute, incorrectly stating that the OCCA had not addressed that argument in its decision on his direct appeal. The state district court summarily denied Dickson's application. Dickson filed a petition in error to the OCCA, which dismissed his appeal because he had failed to provide a certified copy of the order denying post-conviction relief with his petition in error. [1]

Dickson moved for rehearing of the dismissal, asserting that the omission had been due to a prison law clerk error. In support of his motion for rehearing, he provided an affidavit from the prison law clerk who prepared the appeal. The law clerk stated that he was responsible for a high volume of cases, and had made an inadvertent mistake in processing Dickson's appeal paperwork. After preparing the paperwork he had given it to Dickson for proofreading and filing, but had inadvertently forgotten to tell him to provide a copy of the order denying

---

[1]     In dismissing the appeal, the OCCA cited Oklahoma Court of Criminal Appeals Rule 2.1(e)(1), which pertains to applications for an appeal out of time. Dickson had not requested an appeal out of time, however, and the citation to this rule appears to have been a scrivener's error. The proper rule requiring a certified copy of the state district court's order, is OCCA Rule 5.2(C)(2).

relief to the OCCA. The law clerk asked the OCCA not to hold his mistake against Dickson. It appears that the OCCA subsequently denied Dickson's motion for rehearing.

Dickson filed this action in federal district court, asserting the two issues he now presents on appeal. The district court found that he had procedurally defaulted his improper jury instruction argument by failing to present a certified copy of the order appealed from with his submission to the OCCA. It further found that his other issue, concerning retroactive modification of the statute, raised only an issue of state law and that Dickson therefore could not obtain federal habeas relief as to that issue.

## 1. Improper jury instruction issue

We will describe this issue briefly, before showing why it is procedurally barred. The basic range for Dickson's sentence for cocaine possession was two to ten years. *See* Okla. Stat. tit. 63, § 2-402(B)(1). His sentence was enhanced because he had a prior felony conviction for second-degree murder. The version of Oklahoma's general sentencing enhancement statute in effect prior to 2001 provided that a person who committed an offense carrying a sentence of more than five years for a first conviction, and who had a prior felony conviction, would be sentenced to a term of imprisonment of "not less than ten (10) years." Okla. Stat. tit. 21, § 51.1(A)(1) (1999). Dickson argues, however, that the jury

-4-

was improperly instructed under a different enhancement statute, Okla. Stat. tit. 63, § 2-401(C), applicable only to repeat drug offenses.

As mentioned, the OCCA rejected Dickson's attempt to raise this issue on appeal, because he failed to provide a certified copy of the district court's order denying his motion for sentence modification. *See* OCCA Rule 5.2(C)(2). The OCCA has determined that this requirement is jurisdictional. *See Duvall v. State*, 869 P.2d 332, 334 (Okla. Crim. App. 1994). By failing to comply with the rule, Dickson defaulted his federal claim in Oklahoma state court.

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice . . . or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). We have previously held that failure to comply with Rule 5.2(C)(2) represents an independent and adequate state ground for denying habeas relief. *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998). Therefore, Dickson's claim is procedurally barred in the federal courts unless he can show either cause and prejudice for his default, or that a fundamental miscarriage of justice will result from application of the procedural bar.

Dickson has asserted two grounds as "cause" to excuse his procedural default. First, he claims that the prison law clerk erred by not properly instructing him to submit a certified copy of the order appealed from. Assuming that ineffective assistance by a prison law clerk could establish "cause," Dickson cannot make such a showing in this instance, because he had no constitutional right to assistance of counsel in connection with post-conviction relief. *See Smallwood v. Gibson*, 191 F.3d 1257, 1269 (10th Cir. 1999).

Second, Dickson has argued that his procedural default should be excused because he suffers from mental disabilities including retardation and major depressive disorder. Given his reliance on a prison law clerk to prepare his submissions to the Oklahoma courts, Dickson fails to show that his own mental disabilities were the cause of his procedural default.

Nor can Dickson demonstrate actual prejudice from the alleged error. In the prior offense stage of Dickson's trial, the jury was instructed that it could impose a sentence of imprisonment of "not less than 10 years." Trial Tr. at 224. The court asked whether this was the correct penalty for the offense of possession of a controlled substance after a previous conviction for second-degree murder. The prosecutor replied "yes," and defense counsel did not disagree. *See id.* In fact, the sentence of "not less than ten years" is exactly the sentence prescribed in Okla. Stat. tit. 21, § 51.1(A)(1) (1999), the enhancement statute Dickson contends

was applicable to his case (though as we shall see, he also contends he was entitled to a subsequent modification of the statute).

Finally, Dickson argues that a miscarriage of justice will occur if his claim is not heard, because he is actually innocent of the drug offense. Having carefully reviewed the transcript of his trial, however, we find no grounds to conclude that Dickson was actually innocent of his crime. Notwithstanding Dickson's claim that his case involved "a drug that he did not use, in someone['s] home other than his own, which was found in the restroom where he had no control over the drug," Aplt. Br. at 3, the uncontroverted testimony at trial revealed that Officer Larry Damron observed Dickson fling the piece of rock cocaine for which he was convicted out of his left hand just before Officer Damron arrested Dickson. Officer Damron recovered the cocaine, and the chain of custody and chemical identity of this substance as rock cocaine were established at trial.

## 2. Retroactive benefit of sentencing enhancement statute issue

While Dickson's other issue, involving an amendment to Okla. Stat. tit. 21, § 51.1(A)(1), is not procedurally barred, it is without merit. The statute was amended effective July 1, 2001, to provide for a minimum sentence for offenders with one prior felony conviction of twice the minimum provided in the applicable felony statute for a first time offender. Since the minimum sentence provided by the statute governing Dickson's drug offense was two years, the amendment

would, if applied to his conviction, have allowed the jury to award him a minimum punishment of four years, rather than ten years.

In rejecting Dickson's claim that he was entitled to the benefit of the retroactive amendment, the OCCA determined as a matter of state law that Dickson was not entitled to the benefit of the amendment. Federal habeas relief will not lie for errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Dickson argues, however, that the OCCA's alleged failure to properly apply state law violated his federal due process rights, citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980). *Hicks* involved the affirmance by the OCCA of a conviction obtained under a statute that the OCCA had *previously* declared unconstitutional in a different case. *Id.* at 345. Here, by contrast, Dickson fails to point to any OCCA precedent determining that the amendment to Okla. Stat. tit. 21, § 51.1(A)(1) should have retroactive effect. In fact, Oklahoma case law is to the contrary. *See Williams v. State*, 59 P.3d 518, 519 (Okla. Crim. App. 2002) (stating general rule that in absence of express indication that legislature intended amendment changing sentencing range to operate retroactively, defendant is entitled only to application of law in effect at time of his crime). In order to benefit from the rule in *Hicks*, a habeas petitioner must show that the alleged failure to apply state law was "arbitrary in the constitutional sense." *Aycox v.*

*Lytle* , 196 F.3d 1174, 1180 (10th Cir. 1999) (quotation omitted).  Dickson has not met that standard.

The judgment of the district court is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge