F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**July 20, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DANNY CLYDE WHITE,

Petitioner-Appellant,

v.

RANDY PARKER, Warden,

Respondents-Appellees.

No. 05-6015

(W.D. Oklahoma)

(D.C. No. 04-CV-1339-R)

**ORDER**

Before **EBEL**, **MCKAY**, and **HENRY**, Circuit Judges.

Danny Clyde White, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's decision dismissing as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus. He also seeks leave to proceed in forma pauperis ("IFP"). We deny Mr. White's application for a COA, deny his request to proceed IFP, and dismiss this appeal.

**I. BACKGROUND**

On January 7, 2000, Mr. White pleaded guilty in Oklahoma County district court to five felony charges relating to the manufacture and possession of

methamphetamine. He now serves concurrent sentences, ranging from ten to twenty-five years of imprisonment, for those convictions. Mr. White neither sought to withdraw his pleas nor directly appealed the convictions.

On July 9, 2004, he filed a petition for post-conviction relief in state court, arguing that an intervening change in Oklahoma law warranted modification of his sentences. The trial court denied his application, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed that decision. The OCCA concluded that (1) Mr. White was sentenced properly under the range of punishment in effect when he committed the crimes and (2) the state sentencing amendments in question did not provide for retroactive application.

On October 15, 2004, Mr. White filed a petition in federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The magistrate judge recommended that this petition be dismissed as untimely. The district court did not receive Mr. White's objection to the report within the advised twenty-day period, and it adopted the report in its entirety. The district court later received Mr. White's objection,[1] treated it as a motion for reconsideration, and denied

_____

[1]The magistrate judge advised Mr. White to object to the report and recommendation by December 29, 2004. The certificate of service, attached to Mr. White's objection, suggests that he signed and relinquished control of the document on December 22, 2004. The objection was mailed on December 29, 2004, and received in district court on January 4, 2005. *See* Rec. doc. 18. We consider the objection to be timely filed under the prisoner mailbox rule. *See*

(continued...)

relief.  It also denied Mr. White's motion for a COA and his request to proceed IFP on appeal.

## II.  DISCUSSION

We review Mr. White's petition for habeas corpus under the Antiterrorism and Effective Death Penalty Act of 1996.  This court may issue a COA and entertain Mr. White's appeal only if he "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing, Mr. White "must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and alteration omitted).

Here, the decision to grant a COA turns on the application of 28 U.S.C. § 2244(d)(1), which provides that a federal habeas corpus petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of

---

[1](...continued)
*Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989) (deeming the mailing date to be the filing date for a prisoner's objection to a magistrate judge's report and recommendation in a 42 U.S.C. § 1983 suit).

direct review or the expiration of the time for seeking such review;

. . . or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Mr. White pleaded guilty on January 7, 2000, and did not seek to withdraw the pleas or otherwise appeal his convictions. His convictions became "final" under § 2244(d)(1)(A) on January 17, 2000, ten days after the entry of judgment and sentence. OKLA. STAT. tit. 22, § 1051. Thus, absent statutory or equitable tolling exceptions, Mr. White's one-year limitation period under § 2244(d)(1)(A) expired on January 17, 2001.

Mr. White contends that post-sentencing events provide a more recent "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D). First, he cites an amendment to the state sentencing law that went into effect on July 1, 2001, and reduced the minimum sentence for Mr. White's crimes from twenty to seven years. *See* OKLA. STAT. tit. 63, § 2-401(G)(2). The amendment does not render Mr. White's petition timely. Importantly, the amendment at issue is silent as to its retroactivity. Without "express indication that the Legislature intended the amendment changing the range of punishment to be applied retroactively,

[a]ppellant [is] entitled only to an application of the law which was in effect at the time he committed the crime." *Williams v. State*, 59 P.3d 518, 519 (Okla. Crim. App. 2002). Even if the amendment somehow gave rise to a claim under § 2244(d)(1)(D), which it does not, the one-year limitation period would have expired on July 1, 2002, absent exceptions for statutory or equitable tolling.

Second, Mr. White relies on a decision of the Osage County district court, entered on May 27, 2004, that modified another Oklahoma prisoner's sentence for a similar crime committed before the 2001 amendments. *See State v. Blythe*, No. CF-98-281. Upon review of the record, we agree with the district court that *Blythe* does not provide a "factual predicate" under § 2244(d)(1)(D) for Mr. White's claim. The trial court in *Blythe* only modified the sentence of a state prisoner after finding that (1) the state intended, at the time of initial sentencing, that the defendant be sentenced to the minimum punishment available and (2) the defendant had sought all rehabilitation measures during incarceration. Rec. doc. 14, Ex. 2 (Modified Judgment and Sentence upon Judicial Review, filed May 27, 2004). This unpublished decision of an Oklahoma trial court is without precedential effect. Moreover, unlike the defendant in *Blythe*, Mr. White has shown neither the state's intention to sentence him to the minimum punishment available nor his pursuit of all rehabilitation measures during incarceration.

Therefore, because Mr. White did not file his federal habeas petition until

October 15, 2004, he is time-barred under § 2244(d)(1)(A) and (D) unless tolling extends the limitation period. We further agree with the district court, however, that neither statutory nor equitable tolling exceptions apply. As to statutory tolling, we note that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." 28 U.S.C. § 2244(d)(2). Mr. White did not file for post-conviction relief in state court until July 2004. His petition cannot be tolled for time spent in state post-conviction proceedings because the state petition for relief was filed after the expiration of his one-year limitation period. *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

In certain "rare and exceptional circumstances," § 2244(d)(1)'s one-year statute of limitations is subject to equitable tolling. *York v. Galetka,* 314 F.3d 522, 527 (10th Cir. 2003). For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). "Simple excusable neglect is not sufficient." *Id.* Moreover, equitable tolling applies only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v.*

*Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). We agree with the district court's conclusion that Mr. White has not met this standard for equitable tolling. He has neither diligently pursued his claims nor offered any reason for failing to do so.

### III. CONCLUSION

Accordingly, we DENY Mr. White's application for a COA, DENY his request to proceed IFP, and DISMISS the appeal.

Entered for the Court,


Robert H. Henry
Circuit Judge