Michael **GREER**, Appellant (Defendant Below),

v.

**STATE of Indiana, Appellee** (Plaintiff Below).

No. 71S00–9604–CR–272.

Supreme Court of Indiana.

Sept. 4, 1997.

C. Kenneth Wilber, South Bend, for Appellant.

Pamela Carter, Attorney General, Preston W. Black, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

Defendant contends that the trial court improperly sentenced defendant to a cumulative term of 220 years. We disagree with defendant and affirm the trial court.

*Background*

On the early morning of June 12, 1995, defendant, along with two other men, Terrance Mitchem and Dorian Lee, broke into a house in South Bend, Indiana. The home

---

was occupied by four adults: two men and two women. Defendant, Mitchem and Lee were armed.

Defendant awakened the first woman and ordered her to perform fellatio on him. Later, Mitchem raped both women. Lee also raped the second woman. At one point, defendant told the first woman, "Don't try to escape because if any of you all survive I got some boys from Chicago that will come and finish the job." The first woman then told defendant that she "had babies ... to raise" and defendant responded that he "couldn't leave any witnesses."

Mitchem then ordered the four victims to kneel over a mattress on the floor. Defendant stated "I'm going to count to five and we [sic] going to start shooting." Defendant, Mitchem and Lee then opened fire on the four victims and fired a total of 21 shots. They shot the first woman seven times, the first man four times, the second woman four times, and the second man six times. The second man was killed. The other three miraculously survived.

Defendant was charged with Murder,[1] Burglary, a class B felony,[2] three counts of Attempted Murder,[3] class A felonies, and Criminal Deviate Conduct, a class A felony.[4] Defendant was tried jointly with Mitchem and Lee and was found guilty of all charges. The trial court entered judgment on each

guilty verdict and sentenced defendant to enhanced terms of 60 years for Murder, 15 years for Burglary, 40 years for each count of Attempted Murder, and 40 years for Criminal Deviate Conduct. The court ordered the sentence for Burglary to be served concurrently with the sentence for Murder and the sentences for the other offenses to be served consecutively to one another. This resulted in a total executed term of 220 years.

*Discussion*

On appeal, defendant claims that the terms of his sentence exceeded the limitation imposed by the General Assembly on consecutive sentences.

In 1994, the Indiana legislature amended Ind.Code § 35–50–1–2 to add a limitation upon a trial court's authority to order terms of imprisonment to be served consecutively.[5] The statute, as amended, read in relevant part:[6]

> The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, the total

> (5) aggravated battery (IC 35–42–2–1.5);
> (6) kidnapping (IC 35–42–3–2);
> (7) rape (IC 35–42–4–1);
> (8) criminal deviate conduct (IC 35–42–4–2);
> (9) child molesting (IC 35–42–4–3);
> (10) robbery as a Class A felony or Class B felony (IC 35–42–5–1); or
> (11) burglary as a Class A or a Class B felony (IC 35–43–2–1).
> . . . .
> (c) ... The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time. However, except for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind.Code § 35–50–1–2(c) (Supp.1996).

---

1. Ind.Code § 35–42–1–1 (1993).

2. Ind.Code § 35–42–2–1 (1993).

3. Ind.Code §§ 35–41–5–1 and 35–42–1–1 (1993).

4. Ind.Code § 35–42–4–2 (1993).

5. P.L. 164–1994.

6. The legislature amended the statute again in 1995 by replacing "murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury" with "crimes of violence." "Crimes of violence" is defined in section (a). The statute now reads:
   (a) As used in this section, "crimes of violence" means:
   (1) murder (IC 35–42–1–1);
   (2) voluntary manslaughter (IC 35–42–1–3);
   (3) involuntary manslaughter (IC 35–42–1–4);
   (4) reckless homicide (IC 35–42–1–5);

of the consecutive terms of imprisonment, exclusive of the terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind.Code § 35–50–1–2(a) (Supp.1994).

Application of this statute requires several steps. First, we identify the presumptive sentence for a felony that is one class higher than the most serious felony that defendant was charged with. *Id.; Salone v. State,* 652 N.E.2d 552, 562 (Ind.Ct.App.1995), *trans. denied.* Here, the most serious felony defendant was convicted of was Murder, which had a presumptive term of 50 years. Ind.Code § 35–50–2–3 (Supp.1994). Since there is no felony higher than Murder, the presumptive sentence of 50 years for Murder is the maximum term of imprisonment that defendant can be sentenced to for his convictions arising out of this "episode of criminal conduct" except for "murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury." Ind.Code § 35–50–1–2(a).

Thus the next step of our analysis requires analyzing whether any of the convictions for which defendant received consecutive sentences—the three Attempted Murder and one Criminal Deviate Conduct convictions—constitute convictions for which defendant (i) received an enhanced penalty because the felony resulted in serious bodily injury and, if so, (ii) the defendant knowingly or intentionally caused serious bodily injury.[7]

Several matters relevant to this inquiry are clear.

First, defendant received an enhanced sentence for each of the felonies in question. Attempted Murder and Criminal Deviate Conduct as charged here are Class A felonies. The presumptive sentence for a Class A felony is 25 years. Ind.Code § 35–50–2–4 (Supp.1994). The trial court enhanced the sentence for each of these convictions to 40 years.

Second, each of the victims suffered serious bodily injury. The definition of "serious bodily injury" is defined as "bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ." Ind.Code § 35–41–1–25 (1993). The first woman was shot seven times. The first man was shot four times. The second woman was shot four times.

Third, defendant knowingly or intentionally caused the serious bodily injury. While defendant claims there was no evidence to show that defendant knowingly or intention-

7. The State argues that this inquiry can be avoided here by construing "murder" in the statute's exception to include attempted murder. The State cites *Haggenjos v. State,* 441 N.E.2d 430 (Ind.1982), to support its contention. In *Haggenjos,* this court interpreted Ind.Code § 35–50–2–2 (1979), which provided that a conviction for Murder was not suspendable, to also apply to Attempted Murder, even though Attempted Murder was not explicitly recognized in that statute. The State claims that we should follow the logic espoused in *Haggenjos* and also conclude here that the legislature intended to include Attempted Murder in the exclusion to the term limitation. The State does not address *State ex rel. Camden v. Gibson Circuit Court,* 640 N.E.2d 696 (Ind.1994), where we refused to construe the crime of Robbery to include Attempted Robbery when interpreting the statute (Ind.Code § 31–6–2–1.1(d)) providing for exclusions of certain crimes from the jurisdiction of

juvenile court. In so concluding, we stated that "we infer that the legislature is aware of the difference between completed offenses and attempts, and also that it explicitly includes attempts when it intends to." *Camden,* 640 N.E.2d at 701.

It appears to us that the legislature's intent with the statute here was to limit the use of consecutive sentences except where serious bodily injury occurred. Because the crime of attempted murder will at times involve serious bodily injury (as here) and at times not (as where a defendant fires a weapon at the victim but misses), we think it more consistent with the legislature's intent to treat attempted murder as a felony distinct from murder. As such, we hold that the statutory limitation will apply to an attempted murder conviction unless the defendant received "an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury."

ally caused serious bodily injury during the commission of the Attempted Murder and Criminal Deviate Conduct felonies, we conclude otherwise. The jury convicted defendant of each of these offenses in which a knowing or intentional *mens rea* was an element and in which serious bodily injury indisputably occurred.[8] Defendant does not dispute the sufficiency of the evidence to support these convictions.

Defendant maintains that because none of the three surviving victims actually saw defendant shoot them, it cannot be shown that defendant intended to cause serious bodily injury to any one of them. He also argues that there was no physical proof linking the bullets fired from his gun to particular victims. However, among the three assailants, a total of 21 shots were fired simultaneously. Defendant had specifically stated that he intended to kill "any witnesses." All three of the Attempted Murder victims clearly were potential witnesses. Given the jury's verdicts, the number of shots fired, and defendant's clearly expressed intention to kill all of the victims, it is beyond dispute that defendant knowingly or intentionally caused serious bodily injuries to the three victims of Attempted Murder.

The sole question which remains is whether sentences for the convictions in question were enhanced *because* the felonies resulted in serious bodily injury. While the sentencing hearing and order are not absolutely explicit on this point, the trial court clearly indicated that among the reasons for imposing enhanced and consecutive sentences was "the seriousness of the totality of these crimes." (R. at 1573; 1575.) Given the circumstances, we have little doubt in concluding that this was a reference to the serious bodily injuries inflicted.

Defendant's convictions for Attempted Murder were exempted from the term of

imprisonment limitation imposed by Ind. Code § 35–50–1–2 and therefore the trial court did not violate its terms in sentencing defendant to a total term of 220 years.[9]

### Conclusion

We affirm the trial court.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.

---

8. "Causing serious bodily injury" was an element of the crime of Criminal Deviate Conduct here.

9. Defendant also claims that the trial court should have made a specific finding that the Attempted Murder convictions resulted in serious bodily injury for the term of imprisonment limitation to apply. We concede that it would have been more appropriate for the trial court to

make that finding. However, because we conclude that the evidence shows that defendant's Attempted Murder convictions did result in serious bodily injury to the victims, and because this court is empowered to review and revise sentences in accordance with Ind. Const. art. VII, § 4, we find that the fact that the trial court did not specifically make that finding does not change the outcome of our decision.