Attorney for Appellant

Dawn
 R. 
Elston

Jeffersonville, Indiana
 

Attorneys for Appellee

Pamela Carter

Attorney General of Indiana

James D. Dimitri

Deputy Attorney General

Indianapolis, Indiana

IN THE

INDIANA SUPREME COURT

KENNETH WAYNE PAYNE,

Appellant (Defendant below),

v.

STATE OF INDIANA,

Appellee (Plaintiff below).

)

) Supreme Court No.

) 10S01-9711-CR-618

)

) Court of Appeals No.

) 10A01-9504-CR-111

)

)

)

APPEAL FROM THE CLARK CIRCUIT COURT

The Honorable Daniel F. Donahue, Judge

Cause No. 10C01-9403-CF-42

ON PETITION TO TRANSFER

SULLIVAN,  Justice.

Defendant contends that the trial court violated the limitations on consecutive sentences imposed by a statute enacted in 1994.  We agree with defendant and reverse the trial court.  

Background

Around 2:00 a.m. on March 20, 1994, defendant, armed with a rifle, entered a Burger King restaurant in Jeffersonville, Indiana.  He demanded that the manager open the safe and, after retrieving the money, locked the manager and three other employees in the cooler.  All four employees were released from the cooler when the opening manager arrived for his shift.  The evidence revealed that the defendant may have attempted to set the restaurant on fire. 

Defendant was charged with and found guilty of the following crimes: four counts of Attempted Murder,
(footnote: 1) class A felonies; Armed Robbery,
(footnote: 2) a Class B felony; Arson,
(footnote: 3) a class B felony; and four counts of Criminal Confinement,
(footnote: 4) class B felonies.  He was sentenced to serve consecutively 45 years for each Attempted Murder charge or total executed time of 180 years.  The other charges were ordered to be served concurrently with the Attempted Murder sentence.  In a memorandum decision, the Court of Appeals reversed.  
Payne v. State
, No. 10A01-9504-CR-111 (Ind. Ct. App. Sept. 13, 1996).  The State seeks transfer.

Discussion

Defendant raised only one issue on appeal.  Like the appellant in our recent case,  
Greer v. State
, 684 N.E.2d 1140 (Ind. 1997), defendant claimed that the terms of his sentence exceeded the limitation on consecutive sentences imposed by Ind. Code § 35-50-1-2 (Supp. 1994), a statute enacted by the legislature in 1994
(footnote: 5) and substantially amended in 1995. 

I

Neither the defendant nor the State discusses whether Ind. Code § 35-50-1-2 (Supp. 1994) is applicable.  This statute did not take effect until July 1, 1994, which was after the crimes were committed.  At the time that defendant committed the crimes, the trial court had discretion in determining when to impose consecutive sentences.  
See
 Ind. Code § 35-50-1-2 (1993).   As a general rule, courts must sentence defendants under the statute in effect at the time the defendant committed the offense.  
Palmer v. State
, 679 N.E.2d 887, 892 (Ind. 1997)(citing 
State v. Alcorn
, 638 N.E.2d 1242, 1244 (Ind. 1994)).  Therefore, if the general rule applied, the trial court would have been correct to impose consecutive sentences totaling 180 years.  However, an exception to the general rule exists when the legislature enacts an ameliorative amendment without including a specific savings clause.
(footnote: 6)  
Id
.  Under this exception, a new ameliorative statute will apply to all individuals sentenced after the statute’s effective date.  
Palmer
, 679 N.E.2d at 892.  

Defendant was charged on March 23, 1994 and sentenced on December 15, 1994, while the amended statute took effect on July 1, 1994.  Thus, because the statute took effect after the defendant was charged, but before the defendant was sentenced, defendant is entitled to be sentenced under the new statute because it is ameliorative.  
See
 
Palmer
, 679 N.E.2d at 892 n.4, 
aff’g
 
Tedlock v. State
 656 N.E.2d 273, 276 (Ind. Ct. App. 1995). .  

II

In 
Greer
, we held that the statutory limitation on imposing consecutive sentences will apply to an Attempted Murder conviction unless the defendant received “an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury.”  
Greer
, 684 N.E.2d at 1142 n.7.  We resolve this case by applying the same analysis set forth in 
Greer
.
(footnote: 7)  

As it did in 
Greer
, application of this statute requires several steps.  First, we identify the presumptive sentence for a felony that is one class higher than the most serious felony with which defendant was charged.  
Id
. at 1142.  Here, the most serious felony defendant was convicted of was Attempted Murder, a Class A felony.  Ind. Code § 35-41-5-1 (1993).  Since Murder is the felony one class higher than a Class A felony, the presumptive sentence of 40 years for Murder
(footnote: 8) is the maximum term of imprisonment that defendant can be sentenced to for his convictions arising out of this "episode of criminal conduct."  Ind. Code § 35-50-1-2(a) (Supp. 1994).  

The next step requires an analysis of whether any of the convictions for which defendant received consecutive sentences — the three Attempted Murder convictions — constitute convictions for which (i) defendant received an enhanced penalty because the felony resulted in serious bodily injury and, if so, (ii) the defendant knowingly or intentionally caused serious bodily injury.

The victims do not appear to have suffered serious bodily injury.  “Serious bodily injury” is defined as “bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss or impairment of the function of a bodily member or organ.”  Ind. Code § 35-41-1-25 (1993). Although the victims were locked in a cooler at a temperature of 35 degrees or below for three and half hours, there is no evidence of any bodily injury.  Nor did the trial court make any findings that the victims suffered serious bodily injury.  We conclude that the victims did not suffer serious bodily injury and, therefore, need not determine whether defendant’s actions were knowing or intentional.

Conclusion

Based on our conclusion in 
Greer
 that the statutory limitation on imposing consecutive sentences does apply to Attempted Murder convictions and on the foregoing analysis, we find that the limitation should have been imposed in this case.  Therefore, we grant transfer, summarily affirm the decision of the Court of Appeals, reverse the trial court, and remand to the trial court for proper sentencing under Ind. Code § 35-50-1-2 (Supp. 1994).

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.

FOOTNOTES
1:
Ind. Code §§ 35-41-5-1 and 35-42-1-1 (1993).

2:
Ind. Code § 35-42-5-1 (1993).

3:
Ind. Code § 35-43-1-1 (1993).

4:
Ind. Code § 35-42-3-3 (1993).

5:
The statute reads in relevant part:

The court may order terms of imprisonment to be served consecutively even if the sentences are not imposed at the same time.  However, except for murder and felony convictions for which a person receives an enhanced penalty because the felony resulted in serious bodily injury if the defendant knowingly or intentionally caused the serious bodily injury, the total of the consecutive terms of imprisonment, exclusive of the terms of imprisonment under Ind. Code § 35-50-2-8 and Ind. Code § 35-50-2-10, to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

6:
A savings clause expressly states an intention that crimes committed before the effective date of the ameliorative amendment should be prosecuted under prior law.  
Victory v. State
, 400 N.E.2d 1380, 1381 (Ind. 1980).

7:
The State argues that this analysis can be avoided here by construing "murder" in the statute's exception to its consecutive sentence limitation to include attempted murder.  We rejected this argument in 
Greer v. State
, 684 N.E.2d 1140, 1142 n.7 (Ind. 1997).

8:
This was the presumptive sentence for Murder both on March 20, 1994, the date of the crime, Ind.Code § 35-50-2-3 (1993); and on December 15, 1994, the date of sentencing.  
Jones v. State
, 675 N.E.2d 1084, 1086-87 (Ind. 1996); 
Smith v. State
, 675 N.E.2d 693, 697 (Ind. 1996).