FIGHT, Charles Lee, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 19S01–0203–CR–191.

Supreme Court of Indiana.

March 22, 2002.

### ORDER

This matter comes before the Court on a petition to transfer jurisdiction from the pursuant to Indiana Appellate Rule 57. The affirmed the convictions and sentence in an opinion which is published at *Fight v. State,* 759 N.E.2d 1131 (Ind.Ct.App.2001). For the reasons explained below, the petition to transfer is granted and the case remanded to the trial court for resentencing.

Following a jury trial, Appellant was convicted of three counts of attempted murder and one count of criminal mischief. Following submission of evidence on the aggravating and mitigating circumstances, the trial court sentenced Appellant to forty years on each of the three counts of attempted murder (the presumptive sentence plus ten years for aggravating circumstances), and to three years for the criminal mischief conviction (the presumptive sentence plus one and one-half years for aggravating circumstances). The trial court ordered that two of the attempted murder sentences and the criminal mischief sentence be served concurrently. The third attempted murder sentence, imposed with respect to the victim who had been injured, was ordered to be served consecutively to the others. Thus, the sentence called for a total executed term of eighty years.

Appellant is correct that this sentence violates the statutory limitation on consecutive sentencing in Indiana Code § 35–50–1–2 (1998). This statute limits a court's authority in imposing consecutive sentences if the convictions are not for "crimes of violence" and the convictions

"arise out of an episode of criminal conduct." If both of these circumstances exist, the total executed term is limited to the presumptive sentence of the next higher class of felony. The statute provides in part:

[E]xcept for crimes of violence, the total of the consecutive terms of imprisonment, exclusive of terms of imprisonment under IC 35–50–2–8 and IC 35–50–2–10 [relating to habitual offender sentences], to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of the felonies for which the person has been convicted.

Ind.Code § 35–50–1–2(c). Here, that Appellant's felony convictions "arose out of an episode of criminal conduct" is not disputed. At issue is whether the convictions were for "crimes of violence" as such crimes are defined in subsection (a) of the statute. As the Court noted in *Ellis v. State*, 736 N.E.2d 731, 736 (Ind.2000), the statute defines "crimes of violence" by supplying a straightforward list of crimes. Neither attempted murder nor criminal mischief were on the list in 2000 when Appellant committed and was tried for these crimes. *See* Ind.Code § 35–50–1–2(a) (1998). (The statute was amended, however, in 2001 to include attempted murder as a "crime of violence." *See* Ind. Code § 35–50–1–2 (2001 Supp.)).

Thus, both circumstances for application of the limitation in Indiana Code § 35–50–1–2 exist here, and the limitation should have been applied. The most serious felony for which Appellant was convicted was attempted murder, a Class A felony. The presumptive sentence for the felony one class higher than attempted murder, is fifty-five years. *Ellis*, 736 N.E.2d at 737. Therefore, the total term of imprisonment to which Appellant may be sentenced is fifty-five years.

The Court of Appeals acknowledged that attempted murder was not on the statutory "crimes of violence" list, but decided that the limitation on consecutive sentences did not apply because one of the attempted murders resulted in "serious bodily injury." *See Fight*, 759 N.E.2d at 1138–39 (citing *Greer v. State*, 684 N.E.2d 1140 (1997)). The Court of Appeals' reliance on *Greer* is misplaced. *Greer* construed a previous version of the statute, which exempted from the limitation on consecutive sentences convictions for murder or for a felony which resulted in "serious bodily injury." *Greer*, 684 N.E.2d at 1142 (construing I.C. § 35–50–1–2 (1994)). As both *Greer* and *Ellis* noted, however, the "serious bodily injury" language was repealed and replaced with the list in the statute applicable to this case. · *Ellis*, 736 N.E.2d at 737 n. 14; *Greer*, 684 N.E.2d at 1141 n. 6.

Appellant's erroneous sentence is VACATED and the case is REMANDED to the trial court for resentencing consistent with Indiana Code § 35–50–1–2 (1998). The trial court may, in its discretion, either: (1) hold a new sentencing hearing, with or without the submission of evidence; (2) direct additional briefing to assist with the preparation of a new sentencing order; or (3) prepare a new sentencing order if no hearing or additional briefing is deemed necessary.

The petition to transfer is GRANTED. The portions of the Court of Appeals opinion relating to the sufficiency of the evidence and double jeopardy are summarily affirmed. *See* App. R. 58.

All Justices concur.