Michael Theotis STRONG,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45A03–0806–CR–311.

Court of Appeals of Indiana.

March 25, 2009.

Mark A. Bates, Lake County Public Defender Agency, Crown Point, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Matthew Whitmire, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Michael Strong asks us to order a new sentencing hearing, arguing the trial court erroneously concluded it could not suspend

his minimum sentence for attempted robbery.[1] We affirm.

## FACTS AND PROCEDURAL HISTORY

Strong was charged with Class B felony robbery, Class B felony confinement, Class C felony battery, and Class D felony pointing a firearm. The day Strong's trial was to begin, defense counsel argued to the trial court that all the counts would have to merge if Strong were convicted after a trial, and therefore suggested the case could be disposed of without trial if Strong pled guilty to robbery. The trial court advised Strong of his rights and accepted his guilty plea. Strong then admitted that on October 9, 2007, he pointed a gun at Robert Herrin and demanded his wallet. Strong tried to grab the wallet, but Herrin ran away, and Strong fired some shots into the air.

A sentencing hearing was scheduled for May 19, 2008. In the meantime, the parties became concerned the plea was not valid because the factual basis provided by Strong actually established attempted robbery rather than the completed offense of robbery. They therefore decided to draft a plea agreement. The State agreed to file an amended information which added a count of attempted robbery. Strong agreed to plead guilty to attempted robbery in exchange for dismissal of the four original charges. The court accepted this agreement.

Strong argued he was eligible for a suspended sentence, but the trial court concluded it was required to impose at least six years executed, which is the minimum sentence for a Class B felony. *See* Ind. Code § 35–50–2–5. After hearing testimony and arguments, the trial court imposed an executed sentence of six years.

## DISCUSSION AND DECISION

Strong argues the trial court could have suspended his minimum sentence. Ind. Code § 35–50–2–2(b) provides the court "may suspend only that part of the sentence that is in excess of the minimum sentence" when the defendant has committed an offense enumerated in that section. Ind.Code § 35–50–2–2(b)(4)(I) lists robbery resulting in serious bodily injury or with a deadly weapon, but attempted robbery is not enumerated in the statute. Therefore, Strong argues the trial court had discretion to suspend his entire sentence.

Our Indiana Supreme Court rejected that argument in *Haggenjos v. State,* 441 N.E.2d 430 (Ind.1982). Haggenjos was convicted of attempted murder, and he argued Ind.Code § 35–50–2–2 did not limit the trial court's discretion to suspend his sentence because attempted murder was not an enumerated offense. Our Indiana Supreme Court held "when Ind.Code § 35–50–2–2 speaks of Murder, it also refers to Attempted Murder." *Haggenjos,* 441 N.E.2d at 434. Applying *Haggenjos,* we have also held that attempted child molesting falls under Ind.Code § 35–50–2–2 because child molesting is enumerated. *Holt v. State,* 561 N.E.2d 830, 832 (Ind.Ct. App.1990), *trans. denied.*

Strong argues *Haggenjos* and *Holt* are controlling only as to the offenses of attempted murder and attempted child molesting; however, he provides no rationale for distinguishing those two offenses from all others enumerated in Ind.Code § 35–50–2–2. Nevertheless, Strong urges us to follow *State ex rel. Camden v. Gibson Circuit Court,* 640 N.E.2d 696 (Ind.1994), and *Greer v. State,* 684 N.E.2d 1140 (Ind.1997), instead of *Haggenjos* and *Holt.*

The State charged Camden in adult court with attempted robbery. Camden

1. Ind.Code §§ 35–42–5–1 (robbery) and 35– 41–5–1 (attempt).

was sixteen at the time of the alleged offense, and he argued the juvenile court had jurisdiction. Our Supreme Court agreed because Ind.Code § 31–6–2–1.1(d), which listed cases in which a juvenile court does not have jurisdiction, enumerated robbery but not attempted robbery. *Camden*, 640 N.E.2d at 700.

Greer received several consecutive sentences for murder and attempted murder. Greer argued the trial court had imposed consecutive sentences in violation of Ind. Code § 35–50–1–2, which places some limitations on consecutive sentences for a single episode of criminal conduct. In a footnote, our Indiana Supreme Court rejected the State's argument that attempted murder could be treated the same as murder for purposes of Ind.Code § 35–50–1–2. *Greer*, 684 N.E.2d at 1142 n. 7. The Court declined to apply *Haggenjos* and instead applied *Camden*. *Id.*

In *Greer*, our Indiana Supreme Court declined to extend the rationale of *Haggenjos* to another statute. However, the Court did not overrule *Haggenjos*, and it still stands as the Court's interpretation of Ind.Code § 35–50–2–2. As such, we must decline Strong's invitation to apply *Camden* or *Greer*. *See Dragon v. State*, 774 N.E.2d 103, 107 (Ind.Ct.App.2002) ("Supreme court precedent is binding upon us until it is changed either by that court or by legislative enactment."), *trans. denied* 783 N.E.2d 687 (Ind.2003). Therefore, the trial court correctly concluded Ind.Code § 35–50–2–2 applies to attempted robbery with a deadly weapon.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.