974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie Leon MURPHY, Plaintiff-Appellant,
v.
STATE OF OKLAHOMA, Defendant-Appellee.
 No. 92-7026.
 United States Court of Appeals, Tenth Circuit.
 Aug. 25, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Murphy, an Oklahoma inmate, appeals the judgment dismissing his petition for habeas relief. We grant Mr. Murphy permission to proceed in forma pauperis and affirm.
 
 
 3
 Mr. Murphy was tried and convicted in state court for the Oklahoma offence of Indecent Exposure After Former Conviction of Two or More Felonies. The court sentenced Mr. Murphy to 150 years. On direct appeal, the Oklahoma Court of Criminal Appeals held the sentence excessive and modified it to fifty years.
 
 
 4
 Mr. Murphy unsuccessfully sought pro se post conviction relief in the state court. The state court held that twelve of the fourteen issues raised by Mr. Murphy were procedurally barred as they could have been raised in his direct appeal but were not. The state court held the remaining two issues (the Oklahoma Court of Criminal Appeals failed to consider whether Mr. Murphy was prejudiced by the introduction into evidence of the possibility of parole and failure of the Oklahoma Court of Criminal Appeals to grant his petition for rehearing) lacked merit.
 
 
 5
 Mr. Murphy then filed his pro se petition for habeas relief pursuant to 28 U.S.C. § 2254 in the United States District Court. This petition and Mr. Murphy's subsequent pleadings demonstrate something less than a clear, plain and simple statement showing Mr. Murphy is entitled to relief. For example, Mr. Murphy alleged a "failure to: executer the issue whether or, appellant would be denied a fair trial because of the rearainging of the banch,s. [Sic.]" Nevertheless, a fair reading of Mr. Murphy's petition would reveal he complains of various errors by the state trial court, ineffective assistance of counsel, an excessive sentence, and also that a constitutionally invalid prior conviction was used to enhance his present sentence. The district court found no merit to any of Mr. Murphy's contentions and dismissed the petition.
 
 
 6
 Mr. Murphy has failed to make a showing that he was deprived effective assistance of counsel. For Mr. Murphy to prevail on this issue he must show his counsel's performance was substandard and that this substandard performance resulted in his conviction. Allegations that an exhibit was admitted over his counsel's objection and that his counsel failed to raise the defense of entrapment (the evidence showed Mr. Murphy exposed himself to a court reporter in her office in the court house) fail to show Mr. Murphy's counsel was substandard.
 
 
 7
 Mr. Murphy's sentence, while quite lengthy, is not constitutionally excessive. Mr. Murphy was charged under Oklahoma's habitual offender statute. The minimum punishment under Oklahoma law is ten years, and Oklahoma provides no maximum sentence. Where the sentence imposed is within the maximum provided by law, there is no basis for habeas relief. Cooper v. United States, 403 F.2d 71, 73 (10th Cir.1968).
 
 
 8
 The government argues that because Mr. Murphy's prior sentence has fully expired, the collateral consequences of that conviction are not sufficient to render Mr. Murphy "in custody" under Maleng v. Cook, 490 U.S. 488 (1989). We need not address this argument, however, because the conviction of which Mr. Murphy complains was upheld by this court in a prior federal habeas case. See No. 87-1126 wherein Mr. Murphy previously attacked the validity of this prior state court conviction and we upheld the constitutional validity of this conviction.
 
 
 9
 As to Mr. Murphy's remaining claims of error, the district court was correct. Once a state court has rested its decision squarely upon Mr. Murphy's failure to raise these issues in a direct appeal, we must honor the state court's decision unless Mr. Murphy makes a showing that the failure to raise these issues was caused by something beyond his control and that these errors caused him to be convicted or that Mr. Murphy was actually innocent of the charges. Mr. Murphy has failed to show either cause and prejudice or probable innocence.
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3