F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**April 12, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WARREN HARDING DEAN,

Petitioner - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS; RON WARD,

Respondents - Appellees.

No. 06-5150
(D.C. No. 03-CV-00598-TCK)
(N.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Petitioner-Appellant Warren Harding Dean, a state inmate appearing pro se, seeks a certificate of appealability (COA) allowing him to appeal from the district court's order denying relief on his petition for habeas corpus filed pursuant to 28 U.S.C. § 2254.  Because Mr. Dean has failed to make a "substantial showing of the denial of a constitutional right," see id. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA and dismiss the appeal.

On February 13, 2001, Mr. Dean was stopped by Tulsa, Oklahoma police officers after driving through a stop sign and failing to signal a turn.  Mr. Dean was the driver of the car and Kimberly Hunt was his passenger.  After being

stopped, Mr. Dean could not produce a driver's license. The police then asked Mr. Dean to exit his car, and they observed several small, tan crumbs lying on the driver's seat. The officers suspected the crumbs were crack cocaine and asked Mr. Dean to open his mouth so they could check for hidden drugs. Mr. Dean had a large, tan rock in his mouth which he spat out. A search of the car produced an additional three tan rocks. The crumbs and rocks were later identified as crack cocaine.

Mr. Dean and Ms. Hunt were both arrested and charged with felony possession of crack cocaine. The Tulsa County Public Defender's Office was appointed to represent both defendants. On March 14, 2001, Mr. Dean's appointed attorney requested that he be allowed to withdraw. An entry on the docket sheets reflects that this request was granted by Judge Haskins. Nevertheless, the same attorney appeared on behalf of Mr. Dean before Judge Singer on April 11, 2001. On April 16, 2001, that same attorney represented Ms. Hunt as she entered a plea of nolo contendere before Judge Harris. Two days later, on April 18, 2001, Mr. Dean appeared at a preliminary hearing before Judge Haskins, again represented by the same attorney. On June 22, 2001, Judge Harris conducted a hearing on Mr. Dean's pro se motions for a new attorney and to suppress evidence. Those motions were denied. The same attorney then represented Mr. Dean throughout his trial, which was held before Judge Peterson.

Mr. Dean was subsequently convicted by a jury of being a felon in

possession of crack cocaine after former conviction of two or more felonies (Count I) and for driving without a driver's license (Count II). He was sentenced to serve forty-five years of imprisonment and to pay a fine of $10,000 for Count I and to serve thirty days in the county jail on Count II, with the sentences to run concurrently. He immediately appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA rejected all of Mr. Dean's arguments in a summary order issued on January 22, 2003. Mr. Dean then filed his federal petition for a writ of habeas corpus pursuant to § 2254. In the petition, Mr. Dean argued: (1) that the state trial court committed fundamental error by refusing to appoint conflict-free counsel in violation of the Sixth Amendment, (2) that the jury was improperly instructed as to the minimum sentence for possession of a controlled substance, and (3) that his forty-five year sentence was excessive and should be modified.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may obtain federal habeas relief only if the state court decision was contrary to or "involved an unreasonable application, of clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402-03 (2000). Thus, when a state court applies the correct federal law to deny relief, a federal court will only grant relief if the state court

applied federal law in an objectively unreasonable manner. Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, a federal habeas court must presume state court factual findings to be correct and require the petitioner to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Hooper, 314 F.3d at 1167.

With respect to Mr. Dean's ineffective assistance of counsel argument, the district court determined that the OCCA's adjudication of the claim was not contrary to or an unreasonable application of Supreme Court precedent. Mr. Dean claimed that counsel's ineffectiveness resulted from a conflict of interest. Essentially, Mr. Dean wanted to call Ms. Hunt as a witness, but his counsel refused. Counsel explained to Judge Peterson that it would not be in Mr. Dean's best interest to call Ms. Hunt in light of her probable testimony and the existence of credibility issues stemming from her criminal record. Although the record is unclear, the district court below surmised that Ms. Hunt would testify that all the crack cocaine found in the vehicle was hers.

To prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that the petitioner was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show ineffective assistance based on a conflict of interest, a petitioner who "raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler v. Sullivan, 446 U.S. 335,

348 (1980). Applying these standards to the OCCA's determination, the district court noted that Mr. Dean failed to object to counsel's ongoing representation at trial. It also noted that Mr. Dean failed to demonstrate that his counsel represented conflicting interests. Moreover, it noted that the trial court's supposed failure to inquire into the alleged conflict of interest was immaterial because Mr. Dean never showed that the alleged conflict adversely affected counsel's performance–that is, that the alleged conflict affected the adequacy of representation. See Mickens v. Taylor, 535 U.S. 162, 172-73 (2002). Because it found Mr. Dean failed to show deficient performance, the district court concluded that the OCCA's adjudication of the claim was not an unreasonable application of Supreme Court precedent. See 28 U.S.C. § 2254(d)(1).

As a second ground for relief, Mr. Dean argued that the jury should have been instructed regarding changes made to Okla. Stat. tit. 21, §51.1 that took effect after Mr. Dean was arrested. Mr. Dean was arrested on February 13, 2001. On July 1, 2001, § 51.1 was amended to provide, for offenders with two previous felonies, a minimum statutory sentence of three times the minimum provided in the applicable felony statute for a first-time offender. The minimum sentence for Mr. Dean's drug offense was two years, so, having two prior felonies, Mr. Dean would have been subject to a minimum sentence of six years, rather than the twenty-year minimum in effect prior to the statute's amendment. The OCCA rejected this claim because it determined that the amendment was not meant to be

retroactive under Oklahoma law.

The district court correctly noted that federal habeas relief does not lie for errors of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Accordingly, it noted that Mr. Dean would only be entitled to relief if the OCCA wrongly applied Oklahoma law and if failing to apply the amendment retroactively resulted in a denial of due process. See Aycox v. Lytle, 196 F.3d 1174, 1179-80 (10th Cir. 1999). Because the OCCA has held that the amendment to § 51.1 was not retroactive, see Williams v. State, 59 P.3d 518, 519 (Okla. Crim. App. 2002), the district court concluded that Mr. Dean had failed to show an error of state law, much less that denying him retroactive application of the amendment was "arbitrary in the constitutional sense; that is, [shocking to the] judicial conscience." Aycox, 196 F.3d at 1180.

With regard to the third claim, that Mr. Dean's sentence was excessive, the district court noted that, at the time of his crime, Oklahoma had no maximum sentence for a habitual offender like Mr. Dean, who the evidence reflected had eleven prior felony convictions. It found that the OCCA had adjudicated this claim correctly, because where a sentence is imposed within the maximum provided by statute, there is no basis for habeas relief. See Murphy v. Oklahoma, 974 F.2d 1345 (Table) at *1 (10th Cir. 1992) (citing Cooper v. United States, 403 F.2d 71, 73 (10th Cir. 1968)). The district court further noted that the sentence was not grossly disproportionate to Mr. Dean's crime, such that it constituted

cruel and unusual punishment in violation of the Eighth Amendment. See

Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003).

Under AEDPA, we may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." Slack, 529 U.S. at 483. In other words, a COA will only issue if an applicant can show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. at 484. However, as the Supreme Court explained in Miller-El v. Cockrell, 537 U.S. 322, 336 (2003), we are required to "look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason." After review, we conclude that the district court applied the proper precedent in reviewing the OCCA's disposition of Mr. Dean's appeal and that its resolution of Mr. Dean's claims is not reasonably debatable.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge